UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH DARNELL FAIR,

                      Plaintiff,

  v.                                                       9:17-CV-0151
                                                              (DNH/DJS)

JACOB LEW, United States
Secretary of Treasury,

                      Defendant.

---

APPEARANCES:

KEITH DARNELL FAIR
348887
Plaintiff, pro se
Central New York Psychiatric Center
PO Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

**I.   INTRODUCTION**

In February 2017, pro se plaintiff Keith Darnell Fair ("Fair" or "plaintiff") commenced this civil rights action. *See* Dkt. No. 1.

In a Decision and Order of this Court filed on May 16, 2017, Fair was granted leave to proceed in forma pauperis. Dkt. No. 9 (the "May Order"). Following review of plaintiff's complaint in accordance with 28 U.S.C. § 1915(e) and § 1915A, the Court determined that the complaint failed to state a claim upon which relief could be granted and was therefore

1

subject to dismissal without leave to amend. *Id*. Judgment was duly entered by the Clerk. Dkt. No. 10. Plaintiff has since appealed to the Second Circuit Court of Appeals. Dkt. No. 14.

Presently pending are Fair's motions: (1) to proceed in forma pauperis on appeal (Dkt. Nos. 15 and 17); (2) to reconsider/vacate the May Order and Judgment (Dkt. No. 12); and (3) for a copy of the Judges' Oath of Office (Dkt. No. 13).

## II. ANALYSIS

### A. Motion for Leave to Proceed In Forma Pauperis on Appeal

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides, in relevant part:

> Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . .

Fed. R. App. P. 24(a)(3).

Fair's motion for leave to proceed in forma pauperis was previously granted, *see* Dkt. No. 9, and the Court has not revoked that status. Accordingly, plaintiff may proceed with his appeal to the Second Circuit in forma pauperis without further authorization from this Court.

### B. Motion to Reconsider/Vacate[1]

"The decision to grant or to deny a Rule 59(e) motion for reconsideration rests with the sound discretion of the District Court." *U.S. v. Eubanks*, No. S7 92 CR 392, 1999 WL 1261256, at *5 (S.D.N.Y. Dec.27, 1999) (citation omitted).

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.** On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

---

[1] On June 5, 2017, plaintiff filed a motion entitled "Petition for Rehearing." Dkt. No. 12. It is unclear whether the motion is intended to be a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) or a motion to vacate pursuant to Rule 60. Although plaintiff field a notice of appeal, the district court retains jurisdiction to consider plaintiff's motion. *See De La Rosa v. Rocco*, No. 07 Civ. 7577, 2011 WL 2421283, at *1 (S.D.N.Y. June 8, 2011) (citing Fed. F. App. P. 4(a)).

3

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Fair does not specify the grounds under which he seeks to vacate. However, construing his submission liberally, plaintiff requests relief under rule 60(b)(6) arguing "extraordinary circumstances."

Rule 60(b)(6) is a "catch-all" provision that applies to "extraordinary circumstances" or "extreme hardship." *U.S. v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). The decision whether to afford relief rests with the "sound discretion of the district court." *Garcia v. Myears*, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015).

"Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Fair has not cited to any caselaw which would mandate that the prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. While plaintiff disagrees with the May Order, plaintiff has not

4

made any showing that reconsideration of the May Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y.2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *U.S. v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").

Further, Fair has failed to sustain the burden of demonstrating extraordinary circumstances to warrant relief from the May Order and Judgment. Accordingly, plaintiff's motion (Dkt. No. 12) is denied.

### C. Motion for Oath of Office

Fair seeks an order directing the Clerk of the Court to provide copies of the District Judge and Magistrate Judge oaths of office. Dkt. No. 13 at 1. Plaintiff claims that he has "unfinished Trust Business and Fiduciary violations with [ ] these persons." *Id.*

This motion is denied as frivolous. *See U.S. v. Conces*, 507 F.3d 1028, 1036 (6th Cir. 2007) (finding that the district court properly held that the plaintiff's demand for the "Oaths of Office" in an attempt to challenge subject matter jurisdiction was frivolous).

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's request to proceed with the appeal of this matter in forma pauperis (Dkt. Nos. 15 and 17 ) is **DENIED** as unnecessary because his in forma pauperis status has not been revoked. Plaintiff may proceed on appeal in forma pauperis without

further authorization from this Court;

    2. Plaintiff's motion to reconsider/vacate (Dkt. No. 12) is **DENIED**;

    3. Plaintiff's motion for copies of the Judges' Oaths of Office is **DENIED**; and

    4. The Clerk of the Court shall serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

Dated: July 10, 2017
        Utica, New York.

United States District Judge